707 A.2d 157

KEI NAM PARK, PLAINTIFF, v. EUN BAE PARK, DUCK
JU KIM, BURTON L. CHANEY, AND J.B. HUNT
TRANSPORT, DEFENDANTS.

PROVIDENCE WASHINGTON INSURANCE COMPANY, PLAIN-
TIFF–APPELLANT, v. BURTON L. CHANEY AND J.B. HUNT
TRANSPORT, INC., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 24, 1998—Decided March 12, 1998.

Before Judges PRESSLER, CONLEY and WALLACE.

*Daniel Haggerty,* argued the cause for appellant (*Marshall, Dennehey, Warner, Coleman and Goggin,* attorneys; *Mr. Haggerty* and *Lawrence Berg,* on the brief).

*John J. Welch,* argued the cause for respondents.

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

The issue raised by this appeal is whether the reimbursement provisions of *N.J.S.A.* 39:6A–9.1 apply to personal injury protection benefits (PIP) paid to passengers of a motor bus registered in another state but who are injured in an accident occurring in this State. We hold that where the insurer of the out-of-state motor bus is authorized to do business in New Jersey, PIP payments to passengers injured in New Jersey are mandated by the so-called deemer statute, *N.J.S.A.* 17:28–1.4. Since the reimbursement statute expressly includes PIP payments made pursuant to the deemer statute, we conclude that those payments are recoverable under the reimbursement statute. Accordingly, we reverse the contrary order of the trial court and remand for further proceedings.

This is what happened. Defendant Duck Ju Kim and his corporation, Central Communication, both residents of Pennsylvania, owned a fourteen-passenger Dodge van used to transport travellers from Pennsylvania to Newark Airport. The van was registered in Pennsylvania and insured by Providence Washington

Insurance Company (Providence), an insurer authorized to do business in New Jersey. On October 19, 1992, the van, while being driven by defendant Eun Bae Park, was struck by a tractor trailer owned by defendant J.B. Hunt Transport, Inc. and driven by defendant Burton L. Chaney. The tractor trailer was self-insured. Several passengers, including plaintiff Kei Nam Park, were injured in the accident. Kei Nam Park filed suit against all defendants. In the meantime, Providence, construing the deemer statute as applicable to *N.J.S.A.* 17:28–1.6, made PIP payments to the injured passengers and filed an action under *N.J.S.A.* 39:6A–9.1 against Hunt and Chaney seeking reimbursement. The two actions were consolidated and Park's action was settled, leaving only Providence's PIP reimbursement claim for disposition. On cross-motions for summary judgment, the trial court held that Providence was not entitled to reimbursement under the statutory scheme and dismissed its complaint. We conclude that it erred.

*N.J.S.A.* 39:6A–9.1, adopted by *L.* 1983, *c.* 362 and most recently amended by *L.* 1990, *c.* 8, provides that an insurer paying PIP benefits as a result of an automobile accident occurring in this State has the right to recover those payments from a tortfeasor who was not at the time of the accident required to maintain PIP protection other than for pedestrians. Those payments are recoverable whether made pursuant to Chapter 6A of Title 39 or the deemer statute, *N.J.S.A.* 17:28–1.4. It is not disputed that Hunt and Chaney, as the owner and operator, respectively, of a commercial vehicle, were not required to maintain PIP benefits except for pedestrians. *See N.J.S.A.* 39:6B–1 (requiring commercial vehicles to maintain automobile liability coverage alone); *N.J.S.A.* 17:28–1.3 (requiring all motor vehicles to maintain PIP protections for pedestrians). Providence's PIP payments to the van passengers were not made pursuant to Chapter 6A of Title 39. It claims to have made them pursuant to the deemer statute, which, it argues, should be read to include PIP payments made under *N.J.S.A.* 17:28–1.6. We agree.

The deemer statute, *N.J.S.A.* 17:28–1.4, adopted by *L.* 1985, *c.* 520, and technically amended by *L.* 1988, *c.* 119, was intended to require

insurers authorized to transact or transacting automobile or motor vehicle insurance business in this State to provide to the out-of-state insureds who they insure for liability insurance coverage the same motor vehicle insurance coverage required of New Jersey drivers whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

[Senate Labor, Industry and Professions Committee Statement—Assembly, No. 3913—L.1985, c. 520].

As we read the deemer statute, which subjects its benefits to the verbal threshold option, it includes all coverage mandated for New Jersey registered motor vehicles, including all mandated PIP coverage.

*N.J.S.A.* 17:28–1.5 to –1.9, requiring PIP protection for bus passengers, was adopted by *L.* 1991, *c.* 154, three years after the most recent amendment of the deemer statute. *N.J.S.A.* 17:28–1.6a provides that

Every owner, registered owner or operator of a motor bus registered or principally garaged in this State shall maintain medical expenses benefits coverage, under provisions approved by the commissioner, for the payment of benefits without regard to negligence, liability or fault of any kind, to any passenger who sustained bodily injury as a result of an accident while occupying, entering into or alighting from a motor bus.

*N.J.S.A.* 17:28–1.7 subjects the benefits payable under the statute to the same verbal threshold limitations applicable to passenger vehicles by reason of *N.J.S.A.* 39:6A–8a. It is thus clear that had the Kim motor bus been registered or principally garaged in New Jersey, its insurer, Providence, would have been liable to make PIP payments to injured passengers. The question is whether Providence, authorized to transact insurance business New Jersey, was required to make PIP payments under the deemer statute to passengers injured in this State.

We appreciate that the deemer statute does not explicitly refer to *N.J.S.A.* 17:28–1.6, hardly surprising in view of the fact that the deemer statute was both adopted and amended prior to the adoption of 17:28–1.6. The question, as we see it, is whether the Legislature's failure to amend the deemer statute expressly to

incorporate the later adopted *N.J.S.A.* 17:28–1.6 and, indeed, to amend the earlier adopted *N.J.S.A.* 39:6A–9.1 expressly to incorporate *N.J.S.A.* 17:28–1.6 as well, was a legislative "oversight subject to the court's remedial interpretation in order to effectuate actual legislative intent." *Zupo v. CNA Ins. Co.,* 193 *N.J.Super.* 374, 381, 474 *A.*2d 259 (App.Div.), *aff'd as modified,* 98 *N.J.* 30, 483 *A.*2d 811 (1984). We are impelled to conclude that the Legislature's failure to amend both these statutes consistently with its adoption of *N.J.S.A.* 17:28–1.6 was, indeed, just such an oversight and that our failure to rectify it by reading both statutes to include bus-passenger PIP payments would do violence to the legislative scheme.

*N.J.S.A.* 39:6A–9.1 accords a reimbursement right in respect of all PIP payments statutorily mandated as of the date of its enactment and was, indeed, amended in 1985 to include PIP payments mandated by the then adopted deemer statute. By the same token, the deemer statute includes all automobile liability coverage mandated by any statute as of the date of its adoption and amendment. Counsel have failed to advise us of, and our own canvas of the statutes has failed to disclose, any new mandated motor vehicle liability coverage following the most recent date of amendment of either the reimbursement or the deemer statute other than the bus-passenger PIP law. We think it plain that the Legislature has followed the consistent scheme of subjecting all required PIP payments, by whatever statute mandated, to the reimbursement statute and all mandatory motor vehicle coverage, by whatever statute mandated, to the deemer statute. Were we not to assume that the failure of amendment of both the reimbursement and the deemer statute to accommodate the bus-passenger PIP statute was purely a matter of oversight, we would be ascribing to the Legislature a wholly incomprehensible and irrational carving out of this one area of mandated PIP coverage, entirely out of keeping with and inexplicable in terms of the firm legislative commitment to an integrated mandatory coverage scheme spanning at least a decade and a half. We think it plain

that the coverage provisions of Chapters 6A and 6B of Title 39 and the coverage provisions of Chapter 28 of Title 17 constitute a harmonious legislative plan that must be read in *pari materia.* Excluding the bus-passenger PIP coverage from the reimbursement and deemer statutes would rend that harmony for no discernible reason of public policy, common sense or logic.

We are aware of the general reluctance of the court to declare an amendment by implication and that it will do so only in the clearest cases. *See generally Sutherland Statutory Construction* § 22.13 at 215–216 (5th Ed.1993). We regard this as just such a clear case compelling us to find an amendment by implication of both *N.J.S.A.* 39:6A–9.1 and 17:28–1.4 to include bus-passenger PIP payments required by *N.J.S.A.* 17:28–1.6. We deem it necessary to do so here in order to protect and promote the unmistakable overall legislative scheme respecting the uniform consequences of mandatory motor vehicle insurance coverage.

The summary judgment appealed from is reversed. We remand to the trial court for entry of judgment in favor of Providence on its reimbursement claim and for further proceedings to determine the amount of reimbursement to which it is entitled.