775 A.2d 41 (2001)
Jasper T. LYMON, Plaintiff-Appellant,
v.
CAPE TRANSIT CORPORATION, Coach USA, Adventure Trails and Elizabeth Hamilton-Wyche, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 2001.
Decided May 11, 2001.
Robert A. Porter, Cherry Hill, argued the cause for appellant (Friedman, Bafundo & Porter, attorneys; Mr. Porter, on the brief).
F. Herbert Owens, III, Cherry Hill, argued the cause for respondents (Owens & Wolf, attorneys; Mr. Owens, on the brief).
Before Judges HAVEY[1], WEFING and LISA.
The opinion of the court was delivered by WEFING, J.A.D.
On January 18, 1999, plaintiff, driving northbound on Route 42 in Bellmawr, was struck in the rear by a commercial bus owned and operated by defendants. He subsequently began suit for his injuries. On April 3, 2000, the trial court entered an order permitting defendants to interpose the defense of the verbal threshold and on June 9, 2000, the trial court entered another order dismissing plaintiff's complaint for failure to meet that threshold. Plaintiff has appealed. He does not argue that his injuries were sufficient to cross the verbal threshold but rather maintains he is not subject to the verbal threshold in the first instance. We agree and reverse.
Plaintiff's vehicle was a private passenger automobile registered in New Jersey *42 and insured through a liability policy issued by Allstate New Jersey Insurance Company (Allstate). The policy provided basic personal injury protection (PIP) benefits, and plaintiff's medical expenses following the accident have been paid under that Allstate policy. The policy contains the verbal threshold. N.J.S.A. 39:6A-8.
Defendants, as the owners and operators of a commercial bus, do not fit within the definition of "automobiles" for purposes of the verbal threshold statute. N.J.S.A. 39:6A-2. They are, however, obligated to provide PIP benefits to their own passengers under N.J.S.A. 17:28-1.6. Defendants urged that the verbal threshold statutes contained in Titles 17 and 39 should be read as part of a unified plan and that plaintiff's claim, in consequence, was subject to the verbal threshold.
The trial court relied upon our opinion in Park v. Park, 309 N.J.Super. 312, 707 A.2d 157 (App.Div.1998) and ruled in defendants' favor. In that case, we noted that we considered it "plain that the coverage provisions of Chapters 6A and 6B of Title 39 and the coverage provisions of Chapter 28 of Title 17 constitute a harmonious legislative plan that must be read in pari materia." 309 N.J.Super. at 316-17, 707 A.2d 157.
Park, however, arose in an entirely different context. In that case, plaintiff was a passenger in an out-of-state livery van who was injured in New Jersey in a collision with a tractor trailer. The van's insurer, authorized to do business in New Jersey, provided PIP benefits to its injured passengers and ultimately sought reimbursement from the owner and driver of the tractor trailer. Defendants resisted, arguing that the deemer statute, N.J.S.A. 17:28-1.4, made no provision for PIP benefits for bus passengers. We concluded this had to be "purely a matter of oversight," Park, supra, 309 N.J.Super. at 316, 707 A.2d 157, and determined that common sense and logic compelled us to hold the deemer statute to be amended by implication to include bus passenger PIP benefits. Id. at 317, 707 A.2d 157. It was in that context that our reference to "a harmonious legislative plan" must be understood.
The legislative mandate for PIP coverage in N.J.S.A. 39:6A-8 is separate and apart from the mandate for PIP coverage for bus passengers in N.J.S.A. 17:28-1.6 and -1.7. The legislative scheme in N.J.S.A. 17:28-1.6 and -1.7 is directed solely toward providing coverage for bus passengers; clearly plaintiff was not a passenger on defendants' bus. Further, the legislative scheme in N.J.S.A. 39:6A-8 specifies that it encompasses only those vehicles that fit within the definition of "automobile" contained in N.J.S.A. 39:6A-2. It is not disputed that defendants' bus does not fall within that statutory definition of automobile.
Plaintiff's rights to sue for his noneconomic loss are not measured by his entitlement to collect PIP benefits under his own policy of insurance. Vamvakidis v. Peters, 327 N.J.Super. 287, 293, 743 A.2d 332 (App.Div.2000) (noting that we have "expressly rejected the argument ... that a person who collects PIP benefits under a policy should be bound by the verbal threshold contained in the policy.") Similarly, plaintiff's rights to sue for his noneconomic loss are not affected by defendants' independent statutory obligation to provide PIP benefits to their own passengers who might be injured in an accident.
We are satisfied the trial court erred when it disregarded the exclusion of a passenger bus from the statutory definition of an automobile for purposes of the verbal threshold. Park, supra, is not to the contrary.
*43 Reversed and remanded for further proceedings not inconsistent with this opinion.
NOTES
[1] Judge Havey did not participate in oral argument. However, the parties have consented to his participation in the decision.