806 A.2d 839 (2002)
354 N.J. Super. 277
COACH USA, INC., Cape Transit Corporation and Leisure Line, Inc., Plaintiffs-Respondents,
v.
ALLSTATE NEW JERSEY INSURANCE COMPANY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 2002.
Decided October 1, 2002.
David J. Dickinson, Millburn, argued the cause for appellant (McDermott & McGee, *840 attorneys; Mr. Dickinson of counsel and on the brief).
F. Herbert Owens, III, Cherry Hill, argued the cause for respondents (Owens & Wolf, attorneys; Mr. Owens of counsel and on the brief).
Before Judges HAVEY, A.A. RODRÍGUEZ, and PAYNE.
The opinion of the court was delivered by
PAYNE, J.A.D.
In this appeal, we address the issue of whether Allstate, a auto carrier that paid first-party personal injury protection (PIP) benefits to insureds injured in four separate accidents with commercial busses, can obtain reimbursement pursuant to N.J.S.A. 39:6A-9.1, through arbitration, from the carriers of those busses, despite the fact that the bus companies had obtained statutorily-mandated first-party medical expense benefit coverage pursuant to N.J.S.A. 17:28-1.6 that was equivalent to PIP insurance (i.e., bus-PIP). Following the initiation of arbitration by Allstate against the carriers of the busses in each of the four cases at issue, the affected bus companies (whose funds were at risk as the result of large policy deductibles[1]) instituted a declaratory judgment action seeking a determination by the court that reimbursement was barred by N.J.S.A. 39:6A-9.1 in the circumstances presented and the entry of injunctions against the conduct of the four arbitration proceedings initiated by Allstate and against the institution by Allstate of future arbitrations against the bus companies under N.J.S.A. 39:6A-9.1. The court agreed with the bus companies' substantive position and entered both a declaratory judgment in their favor and an injunction against arbitration of the four cases. It declined to enter an injunction against future arbitrations, finding that a determination of the viability of those proceedings required a case-by-case analysis. Allstate has appealed from the court's judgment and limited injunction. We affirm.
N.J.S.A. 39:6A-9.1, the statute at issue, provides, in relevant part, as follows:
An insurer ... paying benefits pursuant to [N.J.S.A. 39:6A-4.3, 39:6A-4, 39:6A-10, or 39:6A-3.1] as a result of an accident occurring within this State, shall, within two years of the filing of the claim, have the right to recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State, including personal injury protection coverage required to be provided in accordance with [N.J.S.A. 17:28-1.4], or although required did not maintain personal injury protection or medical expense benefits coverage at the time of the accident....
On appeal, defendant Allstate construes N.J.S.A. 39:6A-9.1 to bar actions for reimbursement of PIP benefits against the insurers of those driving automobiles who have obtained statutorily-mandated PIP coverage, but not to similarly bar actions for reimbursement against insurers of bus companies that have obtained equivalent bus-PIP. In support of this construction, Allstate notes that N.J.S.A. 39:6A-9.1 was not amended following the enactment of the bus-PIP statute to specifically preclude actions for reimbursement against bus insurers. *841 It then argues that a statutory interpretation prohibiting reimbursement would be contrary to the legislative policy of reducing the cost of automobile insurance by shifting the costs of accidents to insurers of at-fault commercial vehicles. It argues additionally that prohibiting actions for reimbursement by insurers of autos would work an inequity, since actions for reimbursement by insurers of busses would not similarly be prohibited. Finally, Allstate argues that the fact that the requirement for bus-PIP appears as a mandated policy provision in Chapter 28 of Title 17, not as an inclusionary amendment to the no-fault auto provisions of Chapter 6A of Title 39, provides evidence that the two statutory schemes are not to be read as a unified whole.
We reject the construction that Allstate urges because it is contrary to the language of N.J.S.A. 39:6A-9.1, cannot be justified on public policy grounds and leads to a wholly illogical result. In doing so, we rely principally upon our prior decision in Park v. Park, 309 N.J.Super. 312, 707 A.2d 157 (App.Div.1998), a case that presents the mirror image of the issue before us here.
In Park, passengers in an out-of-state bus were injured in New Jersey in a collision with a commercial truck. The carrier for the bus, which was authorized to do business in this State, paid bus-PIP benefits to the bus passengers pursuant to New Jersey's deemer statute, N.J.S.A. 17:28-1.4, which requires carriers that do business here to afford the same motor vehicle coverages to out-of-state vehicles operated in New Jersey as required for vehicles registered or garaged in the State, including all mandated PIP coverages. Following payment, the carrier sought reimbursement from the owner and driver of the commercial truck under provisions of N.J.S.A. 39:6A-9.1 that permit recovery from tortfeasors that are not required by statute to maintain PIP or medical expense benefit coverage.
On appeal, we construed the deemer statute, as did the insurer of the bus, to require the payment of bus-PIP benefits, despite the lack of specific statutory language mandating that result. Further, and of significance here, we found a right of reimbursement to exist, despite the failure of the Legislature to amend N.J.S.A. 39:6A-9.1 to specifically include insurers paying bus-PIP, pursuant to N.J.S.A. 17:28-1.6, among those insurers entitled to seek reimbursement, determining that the omission "was a legislative `oversight subject to the court's remedial interpretation in order to effectuate actual legislative intent.'" Park, supra, 309 N.J.Super. at 316, 707 A.2d 157 (quoting Zupo v. CNA Ins. Co., 193 N.J.Super. 374, 381, 474 A.2d 259 (1984), aff'd as modified, 98 N.J. 30, 483 A.2d 811 (1984)). In reaching that conclusion, we observed:
We think it plain that the Legislature has followed the consistent scheme of subjecting all required PIP payments, by whatever statute mandated, to the reimbursement statute and all mandatory motor vehicle coverage, by whatever statute mandated, to the deemer statute. Were we not to assume that the failure of amendment of both the reimbursement and the deemer statute to accommodate the bus-passenger PIP statute was purely a matter of oversight, we would be ascribing to the Legislature a wholly incomprehensible and irrational carving out of this one area of mandated PIP coverage, entirely out of keeping with and inexplicable in terms of the firm legislative commitment to an integrated mandatory coverage scheme spanning at least a decade and a half. We think it plain that the coverage provisions of Chapters 6A and 6B of Title *842 39 and the coverage provisions of Chapter 28 of Title 17 constitute a harmonious legislative plan that must be read in pari materia. Excluding the bus-passenger PIP coverage from the reimbursement and deemer statutes would rend that harmony for no discernible reason of public policy, common sense or logic.
[Park, supra, 309 N.J.Super. at 316-17, 707 A.2d 157.]
In the case now before us, we need not concern ourselves with the deemer statute, since bus-PIP coverage was afforded directly to the bus companies pursuant to N.J.S.A. 17:28-1.6. Moreover, we focus on the effect of N.J.S.A. 39:6A-9.1 as a bar to reimbursement, not on its authorization of such reimbursement, as was the case in Park. However, these are superficial distinctions. Park's principle, that Chapter 6A of Title 39 and Chapter 28 of Title 17 must be read in a reimbursement context so as to create a unified legislative scheme, controls the result of this appeal as clearly as it did in its own factual context and mandates our affirmance of the decision of the trial court to deny a right of reimbursement in the cases before it.
In reaching this conclusion, we specifically reject Allstate's position that concepts of fault should be permitted to invade New Jersey's unified no-fault scheme when commercial busses subject to bus-PIP are involved in accidents, since that position lacks support in legislative history and, in any event, undercuts the rationale of our no-fault insurance scheme. No support has been offered, and we find none, for the position that insurers providing no-fault medical expense benefits coverage to bus passengers should be subject both to payment of first-party benefits and, through the mechanism of reimbursement, to payment of third-party medical expense benefits as well. We also disagree with Allstate's argument that bus carriers possess a right of reimbursement that is greater than that available to auto carriers. The provisions of N.J.S.A. 39:6A-9.1 apply equally to both.
As a final matter, we reject Allstate's argument that this dispute, which involves a recurrent issue of statutory interpretation, should have been subject to the vagaries of separate and endlessly-initiated arbitration proceedings under authority granted by the arbitration provisions of N.J.S.A. 39:6A-9.1. The issue presented, a purely legal one, is "much more within the expertise of the court" than of arbitrators. AAA Mid-Atlantic v. Prudential Ins., 336 N.J.Super. 71, 77, 763 A.2d 788 (2000).
Affirmed.
NOTES
[1] The existence of that monetary exposure confers standing on the bus companies in this declaratory judgment action. Bergen County v. Port of N.Y. Auth., 32 N.J. 303, 307, 160 A.2d 811 (1960); Unsatisfied Claim and Judgment Fund Board v. Concord Ins., 110 N.J.Super. 191, 196, 264 A.2d 757 (Law Div.1970).