870 A.2d 745 (2005)
376 N.J. Super. 475
Charlotte SCHAEFER, Plaintiff-Respondent,
v.
ALLSTATE NEW JERSEY INSURANCE COMPANY, Defendant-Respondent, and
U.S. Fidelity & Guaranty Co., Defendant-Appellant.
Cynthia Lee, Plaintiff-Respondent,
v.
U.S. Fidelity & Guaranty Co., Defendant-Appellant, and
Liberty Mutual Fire Insurance Co., Defendant-Respondent.
Denise Sottilare, Plaintiff-Respondent/Cross-Appellant,
v.
Olympia Trails Bus Company, Olympia Trails, Inc., Coach USA and Sedgwick CMS, Defendants, and
USF&G, Defendant-Appellant/Cross-Respondent, and
Liberty Mutual Insurance Company, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 2005.
Decided April 15, 2005.
*747 Michael K. Tuzzio, argued the cause for appellant U.S. Fidelity and Guaranty Co. in A-5757-03T1 and A-6668-03T5 and appellant-cross-respondent U.S. Fidelity and Guaranty Co. in A-4478-03T3 (Ronan, Tuzzio & Giannone, attorneys; Mr. Tuzzio, of counsel, Tinton Falls and on the brief and Kenneth R. Ebner, Jr., on the brief, Bothwyn, PA).
Vincent Jesuele, Westfield, argued the cause for respondent Charlotte Schaefer in A-5757-03T1 (Kessler, DiGiovanni, & Jesuele, attorneys; Frank DiGiovanni, on the brief).
David J. Dickinson, Millburn, argued the cause for respondent Allstate New Jersey Insurance Company in A-5757-03T1 (McDermott & McGee, attorneys; Mr. Dickinson, of counsel; Lindsay K. O'Shaughnessy, on the brief).
Richard W. Gaeckle, New Brunswick, argued the cause for respondent-cross-appellant Denise Sottilare in A-4478-03T3 (Hoagland, Longo, Moran, Dunst & Doukas, attorneys; Douglas M. Fasciale, of counsel; Mr. Gaeckle, on the brief).
Robert P. Clark, Sea Girt, argued the cause for respondent Liberty Mutual Insurance Company in A-4478-03T3 (Clark & DiStefano, attorneys; Mr. Clark, on the brief).
Amanda M. Dowd, argued the cause for respondent Liberty Mutual Fire Insurance Company in A-6668-03T5 (Sherman & Viscomi, attorneys; Ms. Dowd, on the brief).
Respondent Cynthia Lee in A-6668-03T5, did not file a brief.
Before Judges SKILLMAN, GRALL and GILROY.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The common issue presented by these appeals is whether the medical expense benefits an insurer of a bus company is required to provide a person who is injured while a passenger on a bus must be paid by an automobile insurer that provides personal injury protection coverage to the injured passenger. We conclude that the insurer of the bus company remains solely responsible for the payment of medical expense benefits even though the injured bus passenger is insured under an automobile policy that provides personal injury protection benefits.
Plaintiffs suffered personal injuries in accidents that occurred while they were passengers on buses insured by defendant United States Fidelity & Guaranty Co. (USF&G). Sottilare fell as she was getting off a bus; Schaefer slipped and fell in a bus bathroom; and Lee was injured when the bus in which she was riding was involved in an accident.
*748 At the time of their accidents, plaintiffs were all named insureds under personal automobile insurance policies that provided personal injury protection (PIP) benefits, as required by N.J.S.A. 39:6A-4. The policies that USF&G issued to the owners of the buses in which plaintiffs suffered their accidents provided motor bus passenger medical expense benefits (MEB) coverage, as required by N.J.S.A. 17:28-1.6.
Plaintiffs incurred medical expenses as a result of their injuries and submitted claims for reimbursement to both USF&G and their own automobile insurance companies. In all three cases, both insurers denied coverage, asserting that plaintiffs' claims were covered by the other insurer's policies.
Consequently, plaintiffs were forced to bring these actions against USF&G and their automobile insurers for declaratory judgments as to which insurer's coverage applied to their claims.[1] The cases were decided by three separate trial courts. Lee's action was brought before the court by an order to show cause. In the other two actions, the parties filed cross-motions for summary judgment.
The trial courts all determined that plaintiffs were entitled to MEB under the policies USF&G issued to the bus companies and that the PIP provisions of plaintiffs' automobile policies did not provide coverage because the accidents did not occur while plaintiffs were occupying, entering into, or alighting from automobiles. In Lee, the trial court also granted plaintiff's application for counsel fees and costs in the amount of $5448, but in Sottilare the court denied plaintiff's application for counsel fees and costs.[2]
In each of the three actions, USF&G filed appeals from the trial courts' declarations that it has an obligation to pay MEB for plaintiffs' medical expenses and that plaintiffs' claims are not covered by their automobile policies. In Sottilare, plaintiff filed a cross-appeal from the court's denial of her application for counsel fees and costs. We consolidate the three appeals.
We affirm the declaratory judgments that USF&G is responsible for the payment of plaintiffs' MEB. We reverse the denial of Sottilare's application for counsel fees and costs.

I
The New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -35, commonly referred to as the "No Fault Act," requires "every standard automobile liability insurance policy" to provide PIP benefits, which include reimbursement of medical expenses, N.J.S.A. 39:6A-4(a), "to the named insured and members of his family residing in his household who sustain bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile," N.J.S.A. 39:6A-4. "Automobile" is defined as:
[A] private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passengers nor rented to others with a driver; and a motor vehicle with a pickup body, a delivery sedan, a van, or a panel truck or a camper type vehicle *749 used for recreational purposes owned by an individual or by husband and wife who are residents of the same household, not customarily used in the occupation, profession or business of the insured other than farming or ranching.
[N.J.S.A. 39:6A-2(a).]
Thus, for the purpose of determining eligibility for PIP benefits under N.J.S.A. 39:6A-4, the term "automobile" does not include a bus.
In 1991, the Legislature enacted N.J.S.A. 17:28-1.6, which provides for the payment of no fault medical expense benefits up to $250,000 "to any passenger who sustained bodily injury as a result of an accident while occupying, entering into or alighting from a motor bus."[3] In the same enactment, the Legislature provided that any bus passenger who brings suit against the owner or operator of a bus for non-economic damages is subject to the same "verbal threshold" that governs actions under the No Fault Act, N.J.S.A. 17:28-1.7.
It is clear on the face of these statutory provisions that a person who is injured while occupying, entering into or alighting from a bus is not entitled to PIP benefits under N.J.S.A. 39:6A-4 because a bus is not included in the definition of an automobile set forth in N.J.S.A. 39:6A-2(a) but is entitled to MEB benefits under N.J.S.A. 17:28-1.6. Nevertheless, USF&G argues that N.J.S.A. 39:6A-4.2, a section of the No Fault Act, requires responsibility for payment of the MEB of a person who is injured while a passenger on a bus and is insured under an automobile policy to be shifted from the bus's insurer to the passenger's automobile insurer.
N.J.S.A. 39:6A-4.2 provides:
Primacy of coverages
Except as provided in [N.J.S.A. 39:6A-4.3], the personal injury protection coverage of the named insured shall be the primary coverage for the named insured and any resident relative in the named insured's household who is not a named insured under an automobile insurance policy of his own. No person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident.
On its face, N.J.S.A. 39:6A-4.2 is directed solely at determining which coverage is "primary" when an injured insured is entitled to PIP benefits under multiple automobile policies. Because plaintiffs' accidents occurred while they were occupying or alighting from buses, plaintiffs are not entitled to PIP coverage under any automobile policy. Therefore, these cases do not involve any issue of the primacy of the PIP coverages of automobile policies governed by the legislative directive of N.J.S.A. 39:6A-4.2.
Although N.J.S.A. 39:6A-4.2 is limited by its plain terms to the determination of primacy of coverage for PIP benefits between automobile insurers, USF&G argues that this provision should be read into N.J.S.A. 17:28-1.6 to impose primary liability for MEB on an injured bus passenger's automobile insurer. USF&G contends that the omission of a provision comparable to N.J.S.A. 39:6A-4.2 from the 1991 legislation requiring insurers of buses to provide MEB for persons injured while passengers on a bus was a "legislative oversight" subject to the court's remedial interpretation to effectuate the legislative intent in enacting N.J.S.A. 17:28-1.5 to -1.9.
*750 In support of this argument, USF&G relies upon Park v. Park, 309 N.J.Super. 312, 707 A.2d 157 (App.Div.), certif. denied, 156 N.J. 381, 718 A.2d 1210 (1998). In Park, we held that the deemer statute, N.J.S.A. 17:28-1.4, under which automobile policies covering certain out-of-state vehicles are "deemed" to include coverage satisfying New Jersey's mandates for liability, PIP and uninsured motorist coverage, should be construed to apply to the MEB coverage mandated by N.J.S.A. 17:28-1.6 even though the deemer statute was not amended to specifically reference N.J.S.A. 17:28-1.6. In addition, we held that an insurer providing MEB benefits under N.J.S.A. 17:28-1.6 may seek reimbursement under N.J.S.A. 39:6A-9.1, which permits insurers paying PIP benefits as a result of an automobile accident to recover those payments from a tortfeasor who was not required to maintain PIP protection other than for pedestrians, even though N.J.S.A. 39:6A-9.1 also does not specifically reference N.J.S.A. 17:28-1.6. In reaching this conclusion, we stated:
[T]he Legislature has followed the consistent scheme of subjecting all required PIP payments, by whatever statute mandated, to the reimbursement statute and all mandatory motor vehicle coverage, by whatever statute mandated, to the deemer statute. Were we not to assume that the failure of amendment of both the reimbursement and the deemer statute to accommodate the bus-passenger PIP statute was purely a matter of oversight, we would be ascribing to the Legislature a wholly incomprehensible and irrational carving out of this one area of mandated PIP coverage, entirely out of keeping with and inexplicable in terms of the firm legislative commitment to an integrated mandatory coverage scheme spanning at least a decade and a half. We think it plain that the coverage provisions of Chapters 6A and 6B of Title 39 and the coverage provisions of Chapter 28 of Title 17 constitute a harmonious legislative plan that must be read in pari materia. Excluding the bus-passenger PIP coverage from the reimbursement and deemer statutes would rend that harmony for no discernible reason of public policy, common sense or logic.
[Id. at 316-17, 707 A.2d at 159.]
However, we did not indicate in Park that every statutory provision governing PIP should be read into the statutes governing MEB. In fact, we took note of "the general reluctance of ... court[s] to declare an amendment by implication and that [courts] will do so only in the clearest cases," but concluded that Park was "just such a clear case." Id. at 317, 707 A.2d at 159.
In Lymon v. Cape Transit Corp., 340 N.J.Super. 573, 775 A.2d 41 (App.Div.), certif. denied, 169 N.J. 608, 782 A.2d 426 (2001), we indicated that N.J.S.A. 39:6A-4, which requires automobile insurers to provide PIP benefits to their insureds, and N.J.S.A. 17:28-1.6, which requires bus insurers to provide MEB benefits to bus passengers, are separate and distinct statutory enactments and that the statutes governing PIP, other than the deemer and reimbursement statutes involved in Park, should not be read into the statutes governing MEB. The plaintiff in Lymon was the driver of a car that was struck in the rear by a bus owned by defendants. Defendants did not qualify under the statutory provision that requires a driver of a car who receives PIP benefits to satisfy a "verbal threshold" for imposition of tort liability, N.J.S.A. 39:6A-8, because their bus did not fit within the statutory definition of an "automobile." N.J.S.A. 39:6A-2(a). Nevertheless, defendants argued, relying upon Park, that the statutes governing PIP and MEB benefits "should be *751 read as part of a unified plan," and, therefore, plaintiff's personal injury claim should be "subject to the verbal threshold." Id. at 575, 775 A.2d at 42. In rejecting this argument, we stated:
The legislative mandate for PIP coverage in N.J.S.A. 39:6A-8 is separate and apart from the mandate for PIP coverage for bus passengers in N.J.S.A. 17:28-1.6 and -1.7. The legislative scheme in N.J.S.A. 17:28-1.6 and -1.7 is directed solely toward providing coverage for bus passengers; clearly plaintiff was not a passenger on defendants' bus. Further, the legislative scheme in N.J.S.A. 39:6A-8 specifies that it encompasses only those vehicles that fit within the definition of "automobile" contained in N.J.S.A. 39:6A-2. It is not disputed that defendants' bus does not fall within that statutory definition of automobile.
[Id. at 575-76, 775 A.2d at 42.]
In Coach USA, Inc. v. Allstate N.J. Ins. Co., 354 N.J.Super. 277, 806 A.2d 839 (App.Div.), certif. denied, 175 N.J. 170, 814 A.2d 635 (2002), we reaffirmed the holding of Park that N.J.S.A. 39:6A-9.1, which governs the right of an insurer that pays PIP benefits to seek reimbursement from a tortfeasor who is not required to maintain PIP, should be read into the statutory provisions governing the payment of MEB to bus passengers. Consequently, we concluded that an automobile insurer that had paid PIP benefits to its insureds could not maintain an action for reimbursement against the owners of buses that had been involved in accidents with their insureds because the bus owners were liable for the payment of the MEB under N.J.S.A. 17:28-1.6. Id. at 280-82, 806 A.2d at 841-42. In reaching this conclusion, we stated that "Park's principle [is] that Chapter 6A of Title 39 and Chapter 28 of Title 17 must be read in a reimbursement context so as to create a unified legislative scheme." Id. at 281, 806 A.2d at 842 (emphasis added). Consequently, Coach USA indicates that Park does not stand for the proposition that every statutory provision relating to the obligation of automobile insurers to provide PIP benefits should be imported into the statutes governing the payment of MEB benefits to bus passengers. Instead, the application of Park is limited to the deemer and reimbursement statutes specifically at issue in that case.
There is no basis for concluding that the omission from the statutes governing MEB of a provision requiring such benefits to be paid by an injured bus passenger's automobile insurer "was a legislative `oversight subject to the court's remedial interpretation in order to effectuate actual legislative intent.'" Park, supra, 309 N.J.Super. at 316, 707 A.2d at 159 (quoting Zupo v. CNA Ins. Co., 193 N.J.Super. 374, 381, 474 A.2d 259, 263 (App.Div.), aff'd as modified, 98 N.J. 30, 483 A.2d 811 (1984)). N.J.S.A. 39:6A-4.2 is designed to serve "the [legislative] policy of transactional efficiency" by providing that where an injured party would be entitled to PIP benefits under both his own automobile policy and another automobile policy, the insured party's own insurer is solely responsible for payment of PIP benefits. Rutgers Cas. Ins. Co. v. Ohio Cas. Ins. Co., 299 N.J.Super. 249, 263, 690 A.2d 1074, 1082 (App.Div.1997), aff'd, 153 N.J. 205, 707 A.2d 1350 (1998). Thus, N.J.S.A. 39:6A-4.2 only applies where an injured party is entitled to PIP benefits under two different automobile policies. Plaintiffs clearly are not entitled to PIP benefits under their own automobile policies because they were injured while occupying or alighting from buses, which are not included in the statutory definition of "automobile," thus failing to satisfy the prerequisite to PIP coverage under N.J.S.A. *752 39:6A-4. Consequently, N.J.S.A. 39:6A-4.2 does not apply in these circumstances.
Furthermore, a legislative decision to shift responsibility for the payment of MEB from a bus company's insurer to the injured passenger's automobile insurer would involve a different kind of policy determination than the one embodied in N.J.S.A. 39:6A-4.2. As previously noted, the assignment of primary responsibility for the payment of PIP benefits between automobile insurers who otherwise would both be liable is designed to promote transactional efficiency, which reduces the insurers' costs and consequently the overall premiums payable by policyholders. However, if automobile insurers were required to pay MEB to their insureds who suffered personal injuries while passengers on a bus, this would result in a decrease in the claims expenses of the bus insurers and consequently the premiums payable by bus companies and a corresponding increase in the claims expenses of automobile insurers and premiums payable by their insureds. Therefore, there is no basis in N.J.S.A. 39:6A-4.2 for finding an implied legislative intent to shift responsibility for the payment of MEB from bus company insurers to automobile insurers.

II
Rule 4:42-9(a)(6) authorizes the award of counsel fees to a successful claimant "[i]n an action upon a liability or indemnity policy of insurance." "Although ordinarily this rule is not applicable to first-party claims, an exception has been made in PIP cases." Scullion v. State Farm Ins. Co., 345 N.J.Super. 431, 437, 785 A.2d 469, 473 (App.Div.2001). The MEB coverage provided to bus passengers under N.J.S.A. 17:28-1.6 is similar to PIP coverage. Indeed, it has been characterized as "bus-PIP." See Coach USA, supra, 354 N.J.Super. at 278, 806 A.2d at 839. Therefore, we conclude that a bus passenger who succeeds on a claim for MEB is entitled to an award of counsel fees.
In denying Sottilare's application for counsel fees, the trial court simply stated:
[T]he subject of plaintiff's cross-motion to determine which defendant was responsible for paying for plaintiff's PIP benefits was already brought before the Court via the defendants' motions for summary judgment.
However, the fact that the coverage issue was brought before the trial court by USF&G's and Liberty Mutual's cross-motions for summary judgment did not justify the denial of Sottilare's counsel fee application. Sottilare was forced to incur counsel fees to initiate this coverage action because both insurers denied her claims for reimbursement of medical expenses for injuries she suffered in an accident on a bus, and she succeeded in her claim against USF&G.
We also reject USF&G's argument that Sottilare is not entitled to a counsel fee award because she has not yet established her right to a specific amount of MEB. USF&G denied Sottilare's claim on the ground that her automobile insurer was solely responsible for payment of her medical expenses, and Sottilare obtained a declaratory judgment that USF&G was obligated to pay those expenses. A declaratory judgment that a disclaimer of coverage violates an insurer's obligations under its policy and the governing statutes is sufficient success to warrant a counsel fee award even though there has not yet been a determination of the amount of benefits to which the insured may be entitled. See Schmidt v. Smith, 294 N.J.Super. 569, 591, 684 A.2d *753 66, 77 (App.Div.1996), aff'd, 155 N.J. 44, 53, 713 A.2d 1014, 1018-19 (1998).
The trial court also erred in denying Sottilare's application for costs. Rule 4:42-8 provides that "[u]nless otherwise provided by law, these rules or court order, costs shall be allowed as of course to the prevailing party." Under this rule, a prevailing party may be denied an award of costs only for "special reasons." Pressler, Current N.J. Court Rules, comment 1 on R. 4:42-8 (2005). There was no justification for the denial of Sottilare's application for reimbursement of the costs she had to incur because both insurers denied coverage for her medical expenses.
Accordingly, we affirm the declaratory judgments that USF&G is required to pay MEB to plaintiffs. We reverse the denial of Sottilare's application for counsel fees and costs and remand that case to the trial court to determine the amount of counsel fees and costs to which Sottilare is entitled.
NOTES
[1] In Sottilare, plaintiff named as defendants not only USF&G and her automobile insurer but also USF&G's claims administrator and the alleged owners of the bus in which her accident occurred. These other defendants were dismissed and are not parties to the appeal.
[2] The record before us does not indicate whether there was an application for counsel fees and costs in Schaefer.
[3] The MEB benefits provided under N.J.S.A. 17:28-1.6 are limited to medical expenses while the PIP benefits provided under 39:6A-4 include not only medical expenses but also income continuation and essential services benefits, funeral expenses and death benefits.