917 A.2d 803 (2007)
391 N.J. Super. 194
Jacqueline JOHNSON, Plaintiff-Appellant,
v.
REPUBLIC WESTERN INSURANCE COMPANY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 5, 2006.
Decided March 16, 2007.
Drazin and Warshaw, Red Bank, for appellant (Steven L. Kessel, on the brief).
White, Fleischner & Fino, New York City, for respondent (Adam P. Stark, on the brief).
Before Judges COBURN, AXELRAD and R.B. COLEMAN.
The opinion of the court was delivered by
AXELRAD, J.T.C. (temporarily assigned).
The issue in this case is what statute of limitations applies to a claim for medical expense benefits (MEB) asserted by a passenger injured on a bus owned and operated by New Jersey Transit. Plaintiff Jacqueline Johnson contends the six-year contract statute of limitations[1] applies because the motor bus PIP statute enacted in 1991 mandating passenger MEB coverage, N.J.S.A. l7:28-1.6, contains no stated period of limitations. Defendant Republic Western Insurance Company, the carrier for New Jersey Transit, contends that the limitations period provided by the automobile PIP statute, N.J.S.A. 39:6A-13.1, should apply. Pursuant to that provision, an action for PIP benefits must be brought within four years, except where benefits have been previously paid, then an action must be brought within two years after the last payment of benefits.[2]
The accident occurred on November 3, 2001, and the last medical bill paid by defendant was on February 6, 2003. Thus, under N.J.S.A. 39:6A-13.1, the latest *805 time for filing a complaint would have been February 5, 2005. Plaintiff's complaint was filed on October 28, 2005. In lieu of filing an answer, Republic filed a motion to dismiss the complaint, R. 4:6-2(e), on the basis that Johnson's claim was barred by the limitations period set forth in the automobile PIP statute. Republic argued that the provisions of the motor bus PIP statute should be construed as part of an harmonious legislative plan and must be read in pari materia with the automobile PIP provisions. So reasoning, Republic urged that the failure to include a statute of limitations in N.J.S.A. 17:28-1.6 while creating a detailed limitations scheme under N.J.S.A. 39:6A-13.1, or to refer specifically to the automobile PIP statute of limitations, was a legislative oversight.
Johnson countered that such oversight should not be presumed, particularly when it would result in the loss of an important statutory entitlement. Johnson reasoned that the absence of a specified time deadline or any reference to the automobile PIP statute of limitations in N.J.S.A. l7:28-1.6 just as likely evidenced a legislative intent, or, at a minimum, an unspoken legislative approval, for the contract statute of limitations to apply for MEB asserted by a passenger injured on a bus. She urged the court not to rewrite this remedial statute to the detriment of an injured party.
The trial court was persuaded by Republic's argument of legislative oversight, recognizing that although both statutes are separate and distinct, they share the "goal of providing an ordered and predictable method for the payment of medical bills incurred as a result of a motor vehicle accident." Accordingly, the court concluded it would be "illogical and inconsistent to hold that the mere fact that a medical bill was incurred as a result of a bus accident, rather than an accident involving a private passenger automobile, would result in the application of inconsistent time periods in which to file suit for payment." The court concluded that acceptance of Johnson's argument would create unnecessary confusion and unreasonably prejudice those whose claims are made under the automobile PIP statute in favor of those whose claims are made under the motor bus PIP statute. Accordingly, the court found the time period for filing suit for MEB payment under N.J.S.A. 17:28-1.6 was governed by the limitations period contained in N.J.S.A. 39:6A-13.1, and entered an order dated April 3, 2006, dismissing Johnson's complaint for failing to timely file her medical coverage claim. This appeal ensued. We reverse.
It is undisputed that the motor bus PIP statute contains no stated period of limitations for MEB or express or implicit reference to the time deadlines of the automobile PIP statute. N.J.S.A. 17:28-1.6 provides:
a. Every owner, registered owner or operator of a motor bus registered or principally garaged in this State shall maintain medical expense benefits coverage, under provisions approved by the commissioner, for the payment of benefits without regard to negligence, liability or fault of any kind, to any passenger who sustained bodily injury as a result of an accident while occupying, entering into or alighting from a motor bus.
b. Medical expense benefits coverage shall include the payment of reasonable medical expenses in an amount not to exceed $ 250,000 per person per accident. In event of death, payments shall be made to the estate of the decedent.
Nor does N.J.S.A. 39:6A-13.1, which contains a detailed list of the types of policies, all of which relate to automobiles, subject to the PIP benefit deadline, reference N.J.S.A. 17:28-1.6. Moreover, we have not *806 found any declaration of Legislative intent to allow the Title 39 MEB deadline to fill in the silence of Title 17.
We have only found "legislative oversight" and imported a provision of the automobile PIP statute into the statutes governing motor bus MEB by implication in a limited situation, which resulted in coverage to an injured passenger. In Park v. Park, 309 N.J.Super. 312, 707 A.2d 157 (App.Div.), certif. denied, 156 N.J. 381, 718 A.2d 1210 (1998), passengers in an out-of-state bus were injured in New Jersey when the vehicle was struck by a tractor trailer. The bus insurer, authorized to do business in New Jersey, paid MEB to its passengers pursuant to our deemer statute, N.J.S.A. 17:28-1.4, under which automobile policies covering out-of-state vehicles are "deemed" to include coverage satisfying New Jersey's liability, PIP and UIM mandates. The insurer sought reimbursement from the owner and driver of the tractor trailer pursuant to N.J.S.A. 39:6A-9.1, which permits recovery from tortfeasors who were not required by statute to maintain PIP protection other than for pedestrians.
We construed the deemer statute to require the payment of MEB for injured bus passengers as mandated by N.J.S.A. 17:28-1.6, even though the deemer statute was not amended to specifically reference this later-enacted motor bus statute. We further found the MEB payments to be recoverable under the automobile PIP reimbursement statute even though N.J.S.A. 39:6A-9.1 also did not specifically reference N.J.S.A. l7:28-1.6. We reasoned that the Legislature's failure to amend the deemer and automobile PIP reimbursement statutes to include bus passenger PIP payments "was purely a matter of oversight," which we were compelled to rectify to effectuate the "consistent [legislative] scheme of subjecting all required PIP payments, by whatever statute mandated, to the reimbursement statute and all mandatory motor vehicle coverage, by whatever statute mandated, to the deemer statute." Park, supra, 309 N.J.Super. at 316, 707 A.2d 157. In doing so, we noted the "general reluctance of the court to declare an amendment by implication and that it will do so only in the clearest cases," but we found Park to be "just such a clear case." Id. at 317, 707 A.2d 157 (citing Sutherland Statutory Construction § 22.13 at 215-216 (5th. Ed. 1993)).
In Coach USA, Inc. v. Allstate New Jersey Ins. Co., 354 N.J.Super. 277, 806 A.2d 839 (App.Div.), certif. denied, 175 N.J. 170, 814 A.2d 635 (2002), we applied the same rationale as Park and held that an insurer that provided bus PIP coverage as mandated by the deemer statute was also shielded from reimbursement suits under N.J.S.A. 39:6A-9.1 by an automobile carrier that paid first-party PIP benefits to its insureds who were injured in accidents with commercial buses, even though N.J.S.A. 39:6A-9.1 did not expressly reference the bus PIP statute. In reaching this result, we stated that "Park's principle [is] that Chapter 6A of Title 39 and Chapter 28 of Title 17 must be read in a reimbursement context so as to create a unified legislative scheme." Id. at 281, 806 A.2d 839.
Aside from reimbursement and deemer circumstances, however, we have not seen fit to construe bus MEB as part of an overall PIP scheme. In Lymon v. Cape Transit Corp., 340 N.J.Super. 573, 575, 775 A.2d 41 (App.Div.), certif. denied, 169 N.J. 608, 782 A.2d 426 (2001), we distinguished Park as arising in "an entirely different context." We held that bus defendants are not entitled to the verbal threshold defense because their bus did not fit within the statutory definition of "automobiles," N.J.S.A. 39:6A-2, and reversed summary *807 judgment dismissing plaintiff's complaint for failing to meet the verbal threshold. Id. at 576, 775 A.2d 41.
In Schaefer v. Allstate NJ Ins. Co., 376 N.J.Super. 475, 870 A.2d 745 (App.Div. 2005), we held that bus MEB is not subject to N.J.S.A. 39:6A-4.2 (primacy of coverages for PIP benefits between automobile insurers), thus making MEB primary to the passengers' own PIP coverage. As the sole argument was "legislative oversight," we discussed Park, Lymon and Coach. We noted the limited application of Coach and Park:

Coach USA indicates that Park does not stand for the proposition that every statutory provision relating to the obligation of automobile insurers to provide PIP benefits should be imported into the statutes governing the payment of MEB benefits to bus passengers. Instead, the application of Park is limited to the deemer and reimbursement statutes specifically at issue in that case.
[Id. at 484, 870 A.2d 745.]
We were not convinced that the Legislative omission in N.J.S.A. l7:28-1.6 of a provision comparable to N.J.S.A. 39:6A-4.2, requiring MEB to be paid by an injured bus passenger's automobile insurer, was an oversight that warranted remedial action to effectuate either actual or implied legislative intent.
Nor are we convinced there is any basis for concluding here that the omission of a statute of limitations in N.J.S.A. 17:28-1.6 for MEB claims "was a legislative `oversight subject to the court's remedial interpretation in order to effectuate actual legislative intent.'" Park, supra, 309 N.J.Super. at 316, 707 A.2d 157 (quoting Zupo v. CNA Ins. Co., 193 N.J.Super. 374, 381, 474 A.2d 259 (App.Div.), aff'd as modified, 98 N.J. 30, 483 A.2d 811 (1984)). Unlike Park, we find no overarching legislative scheme, nor case law, public policy, common sense or logic that would compel us to find an amendment by implication.
Merely because both PIP statutes provide medical expense coverage on a no-fault basis to passengers injured in an accident while occupying, entering into or alighting from an automobile, N.J.S.A. 39:6A-4, or from a motor bus, N.J.S.A. 17:28-1.6, it is neither illogical nor inconsistent for the Legislature to apply two separate limitations periods to the two separate statutes. The statutes are not identical in scope. A passenger injured on a bus is only entitled to receive no-fault "medical expense benefits," N.J.S.A. 17:28-1.7, while automobile PIP coverage benefits include not only medical expenses but also income continuation and essential services benefits, funeral expenses and death benefits. N.J.S.A. 39:6A-4.
Critical to the issue before us, where the Legislature chose to provide reduced benefits to a passenger injured on a bus, it expressly provided so, thereby placing potential claimants on notice of the limitation. N.J.S.A. 17:28-1.7. The Legislature did not, however, delineate a two-year statute of limitations for medical expense benefits claims expressly or by reference when it enacted the motor bus PIP statute in 1991. Nor did the Legislature do so, despite ample opportunity, when it revisited the statute in 1998 after the enactment of the Automobile Insurance Cost Reduction Act (AICRA) and amended the motor bus PIP statute to change the verbal threshold to the limitation on lawsuit threshold under AICRA. The fact that the Legislature chose to recite almost verbatim the language of N.J.S.A. 39:6A-8a (AICRA) when it amended N.J.S.A. l7:28-1.7, rather than simply stating that all bus passengers were subject to the N.J.S.A. 39:6A-8a option, militates against the argument that the statutes are interchangeable.
*808 N.J.S.A. l7:28-1.6 is a remedial statute, which should be construed liberally to advance its purpose of providing MEB coverage to injured bus passengers. This purpose would be undermined by imposing on potential claimants an unstated two-year limitations period. For the reasons we have expressed, the situation here does not present one of those "clearest cases" in which to invoke the extraordinary principle of legislative oversight to constrict the availability of this coverage.
Reversed.
NOTES
[1] N.J.S.A. 2A:14-1.
[2] N.J.S.A. 39:6A-13.1 provides that:

a. Every action for the payment of benefits payable under a standard automobile insurance policy pursuant to . . . (C.39:6A-4 and 39:6A-10), medical expense benefits payable under a basic automobile insurance policy pursuant to . . . (C.39:6A-3.1) or benefits payable under a special automobile insurance policy pursuant to . . . (C.39:6A-3.3), except an action by a decedent's estate, shall be commenced not later than two years after the injured person or survivor suffers a loss or incurs an expense . . . or not later than four years after the accident whichever is earlier, provided, however, that if benefits have been paid before then an action for further benefits may be commenced not later than two years after the last payment of benefits.