926 A.2d 421

MURPHY KNIGHT, PLAINTIFF-APPELLANT, v. AAA
MIDATLANTIC INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 13, 2007—Decided July 5, 2007.

Before Judges SKILLMAN, HOLSTON, JR. and GRALL.

*David J. Karbasian,* argued the cause for appellant (*Law Offices of David J. Karbasian,* attorneys; *Mr. Karbasian,* on the brief).

*Nicholas M. Benedetti,* argued the cause for respondent (*Benedetti & Campbell,* attorneys; *Mr. Benedetti,* on the brief).

The opinion of the court was delivered by

GRALL, J.A.D.

█ This appeal requires us to consider whether an award of counsel fees and costs is available to a first-party insured who prevails in an action to obtain extended medical-expense benefits required by *N.J.A.C.* 11:3–7.3(b). We conclude that both counsel fees and costs are available.

Plaintiff Murphy Knight appeals from an order denying his motion for an award of counsel fees and costs from his insurer,

defendant AAA Midatlantic Insurance Group (AAA). On October 31, 2001, Knight was injured when the driver of another motor vehicle struck the postal truck that Knight was driving. Knight owned an automobile that was insured by AAA. That policy includes extended medical-expense coverage, which the parties refer to as "med-pay." *See Warnig v. Atlantic County Special Servs.*, 363 *N.J.Super.* 563, 568, 833 *A.2d* 1098 (App.Div.2003) (noting the colloquial use of the term "med-pay"). The provision extends coverage for reasonable expenses for necessary medical services because of bodily injury caused by an accident while occupying a "motor vehicle designed for use mainly on public roads." *See N.J.A.C.* 11:3–7.3(b) (referencing " 'Section II, Extended Medical Expense Benefits Coverage' of the personal automobile policy"); Cynthia M. Craig & Daniel J. Pomeroy, *New Jersey Auto Insurance Law* Appendix C–1 (2007) (includes the standard personal automobile policy).

The extended medical-expense benefits coverage at issue here is a required provision of each policy covering an automobile, as defined in *N.J.S.A.* 39:6A–10. *N.J.A.C.* 11:3–7.3(b). The minimum coverage required is $1000 and the maximum authorized is $10,000. *Ibid.* The mandatory policy provision affords "a very narrow window of coverage to a limited class of persons who ... are ineligible for basic PIP [Personal Injury Protection] benefits" under the circumstances of the accident. *Ingersoll v. Aetna Cas. & Sur. Co.*, 138 *N.J.* 236, 240, 649 *A.2d* 1269 (1994). The coverage is intended to "address in some small measure the medical-expense disaster that can befall those injured by use of a 'highway vehicle' (as distinguished from an automobile).... " *Ibid.*; *see N.J.S.A.* 39:6A–4 (requiring PIP coverage for injuries related to the use and occupancy of automobiles but not other motor vehicles). The postal truck Knight was driving does not fall within the group of motor vehicles that are automobiles for purposes of PIP coverage.

On April 20, 2004, Knight filed a complaint demanding a judgment compelling AAA to provide "personal injury protection bene-

fits." Although the complaint referenced PIP benefits, correspondence from AAA dated December 2, 2002, indicates the insurer's understanding that the coverage in dispute was "med-pay" benefits.

The matter proceeded to arbitration, and on AAA's subsequent demand, the case was listed for trial de novo. The parties settled the matter prior to trial, but AAA denied responsibility for counsel fees and costs. Knight filed a motion, which the trial court denied on the ground that Knight was not entitled to counsel fees and costs pursuant to *Rule* 4:42–9(a)(6) and *Rule* 4:42–8.

In *Schaefer v. Allstate New Jersey Insurance Co.*, 376 *N.J.Super.* 475, 479, 486, 870 *A.2d* 745 (App.Div.2005), we held that a passenger of a bus who prevailed in litigation to compel payment of medical-expense benefits (MEB) pursuant to a provision of a bus insurance policy mandated by *N.J.S.A.* 17:28–1.6 is "entitled to an award of counsel fees" pursuant to *Rule* 4:42–9(a)(6). Reasoning that "MEB coverage [required for] bus passengers ... is similar to PIP coverage," we concluded that *Rule* 4:42–9(a)(6), "ordinarily ... not applicable to first-party claims," should be applied to claims for MEB coverage as it is to claims for PIP coverage. *Schaefer, supra,* 376 *N.J.Super.* at 486, 870 *A.2d* 745; *compare Enright v. Lubow,* 215 *N.J.Super.* 306, 311–13, 521 *A.2d* 1300 (App.Div.) (discussing general inapplicability of *Rule* 4:42–9(a)(6) to first-party claims), *certif. denied,* 108 *N.J.* 193, 528 *A.2d* 19 (1987) *with Scullion v. State Farm Ins. Co.,* 345 *N.J.Super.* 431, 437, 785 *A.2d* 469 (App.Div.2001) (discussing PIP exception).

■ The "med-pay" provision at issue here, like MEB provisions covering bus passengers, offers coverage for payment of necessary medical expenses where PIP does not apply. The similarity of the purpose of "med-pay," MEB and PIP coverage favors entitlement to counsel fees for an insured who prevails in an action to compel "med-pay" coverage. Accordingly, we hold that it was error to deny plaintiff's requests for fees on the ground that the award is not authorized by *Rule* 4:42–9(a)(6).

There is no question that Knight prevailed. The parties did not agree to a settlement of their claim until a trial date was set. *See Olewinsky v. Aetna Cas. & Sur. Ins. Co.*, 234 *N.J.Super.* 429, 433–34, 560 *A.2d* 1301 (Law Div.1988) (holding that plaintiffs who settled a claim for PIP coverage were entitled to an award fees under *Rule* 4:42–9(a)(6)).

We accept the representation by the attorney for AAA that he did not understand plaintiff's complaint as a demand for "med-pay," as opposed to PIP coverage, until the arbitration date. *See Ingersoll, supra,* 138 *N.J.* at 240–41, 649 *A.2d* 1269 (discussing the arrangement of the "med-pay" and PIP provisions of a standard policy under similar headings and ambiguity that arises as a consequence). Although AAA objected to payment of counsel fees and costs on that basis below, early correspondence from AAA reflects the insurer's understanding of the nature of Knight's demand for coverage. In any event, Knight's position was clear when AAA filed its demand for trial de novo. It was after a trial date was set, in response to AAA's demand, that the parties reached an agreement on coverage.

In the exercise of its broad discretion in awarding and fixing a counsel fee pursuant to *Rule* 4:42–9(a)(6), the trial court may consider the insurer's good faith and conduct of the insured that contributed to the need for litigation. *Scullion, supra,* 345 *N.J.Super.* at 438, 785 *A.2d* 469. The counsel fee in this case was not denied on that basis. Having concluded that an award of counsel fees was not available, the trial court did not consider the relevant factors.

It was error to deny Knight's application for costs. "Under [*Rule* 4:42–8] a prevailing party may be denied an award of costs only for 'special reasons.'" *Schaefer, supra,* 376 *N.J.Super.* at 487, 870 *A.2d* 745. There are no special reasons here.

The order denying counsel fees pursuant to *Rule* 4:42–9(a)(6) and costs pursuant to *Rule* 4:42–8 is reversed. The case is remanded to permit the trial court to determine the fees and costs that are appropriate in this case.