22 A.3d 91 (2011)
420 N.J. Super. 546
GOVERNMENT EMPLOYEES INSURANCE COMPANY on its own behalf and as subrogee of Toni A. Kan-Boatwright, Plaintiff-Respondent,
v.
COMMUNITY OPTIONS, INC., and William E. Ringenwald, Defendants, and
Philadelphia Indemnity Insurance Company[1] Defendant-Appellant.
No. A-5904-09T1.
Superior Court of New Jersey, Appellate Division.
Submitted May 24, 2010.
Decided June 29, 2011.
*92 Sweeney & Sheehan, P.C., attorneys for appellant (Neal A. Thakkar, Westmont, on the brief).
Stein, McGuire, Pantages & Gigl, L.L.P., attorneys for respondent (Gregory T. Keller, of counsel; Eric B. Bailey and Mr. Keller, Livingston, on the brief).
Before Judges PARRILLO, YANNOTTI and SKILLMAN.
The opinion of the court was delivered by
YANNOTTI, J.A.D.
Defendant Philadelphia Indemnity Insurance Company (Philadelphia Indemnity) appeals from an order entered by the Law Division on July 23, 2010, which denied Philadelphia Indemnity's motion for summary judgment, and granted summary judgment in favor of plaintiff Government Employees Insurance Company (GEICO). We affirm.
On March 16, 2007, a van owned by defendant Community Options, Inc. (Community Options) and operated by defendant William E. Ringenwald (Ringenwald) collided with the rear end of an automobile, which was being driven by Toni A. Kan-Boatwright (Kan-Boatwright). Kan-Boatwright allegedly suffered serious injuries in the accident.
The Community Options vehicle was insured under a commercial automobile insurance policy issued by Philadelphia Indemnity. The Kan-Boatwright vehicle was insured under a policy issued by GEICO, which provided personal injury protection (PIP) benefits. GEICO paid $34,974.59 for the medical care of Kan-Boatwright.
GEICO filed an action in the trial court against Philadelphia Indemnity, Community Options and Ringenwald, in which it alleged that the accident had been caused by Ringenwald's recklessness, negligence and failure to make proper observations. GEICO asserted that Philadelphia Indemnity was obligated to reimburse GEICO for the PIP benefits that it paid on Kan-Boatwright's behalf. Philadelphia Indemnity, Community Options and Ringenwald filed an answer denying liability.
Thereafter, defendants filed a motion for summary judgment, and GEICO filed a cross-motion for summary judgment. The trial court considered the motions on July 23, 2010. GEICO and Philadelphia Indemnity consented to the dismissal of the claims against Community Options and Ringenwald.
The court determined that GEICO had the right to seek reimbursement of its PIP benefits from Philadelphia Indemnity pursuant to N.J.S.A. 39:6A-9.1 because, although Community Options was required to maintain insurance with PIP benefits for the private passenger automobiles in its fleet, it was not required to maintain such coverage for the van involved in the subject accident. The court entered an order dated July 23, 2010, denying Philadelphia Indemnity's motion for summary judgment, granting summary judgment in GEICO's favor, and dismissing the claims against Community Options and Ringenwald. This appeal followed.
Philadelphia Indemnity argues that the court erred by finding that GEICO may seek reimbursement of its PIP payments from it pursuant to N.J.S.A. 39:6A-9.1. We disagree and affirm the trial court's order.
*93 N.J.S.A. 39:6A-9.1 provides in pertinent part that an insurer, health maintenance organization (HMO) or governmental agency that pays PIP benefits pursuant to N.J.S.A. 39:6A-4.3, N.J.S.A. 39:6A-4 or N.J.S.A. 39:6A-10, or medical expense benefits pursuant to N.J.S.A. 39:6A-3.1, as a result of an accident that occurred in New Jersey, has the right to recover the amount of those payments
from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State, including personal injury protection coverage required to be provided in accordance with [N.J.S.A. 17:28-1.4], or although required did not maintain personal injury protection or medical expense benefits coverage.
The statute further provides that, in the case of an accident occurring in New Jersey involving an insured tortfeasor, the determination of whether the insurer, HMO or government agency is entitled to reimbursement "shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration." N.J.S.A. 39:6A-9.1(b).
Here, Philadelphia Indemnity issued a commercial insurance policy to Community Options, which included various types of coverage, including automobile insurance. The policy covered 211 vehicles and 139 of those vehicles were garaged principally in New Jersey. Forty-three of the New Jersey vehicles were considered to be "private passenger automobiles," and the policy provided PIP coverage for those vehicles. However, the Community Options vehicle involved in the subject accident was a commercial van. PIP coverage was not required for that vehicle, and the Philadelphia Indemnity policy did not provide it. The trial court correctly found that, under these circumstances, GEICO could seek reimbursement of PIP payments from Philadelphia Indemnity, the insurer for the alleged tortfeasors.
Philadelphia Indemnity argues, however, that Community Options should be considered a tortfeasor "required" to maintain PIP coverage for purposes of N.J.S.A. 39:6A-9.1 because, although it was not required to maintain PIP coverage for the van involved in the accident, it was required to maintain PIP coverage for the private-passenger-type of automobiles in its fleet. We do not agree.
Philadelphia Indemnity's argument is inconsistent with the language of the statute. By enacting N.J.S.A. 39:6A-9.1, the Legislature intended that an insurer could seek reimbursement of its PIP or medical expense benefit payments from any tortfeasor who was not "required" to maintain PIP or medical expense benefits coverage for the vehicle involved in the subject "accident." There is no indication in the language of the statute that the Legislature intended to preclude an insurer from seeking reimbursement of its PIP or medical expense benefit payments from a tortfeasor who was not "required" to maintain PIP or medical expense benefits coverage for the vehicle involved in the "accident" but was "required" to maintain such coverage for other vehicles. See Drive N.J. Ins. Co. v. Gisis, 420 N.J.Super. 295, 21 A.3d 216, 2011 WL 2623560 (App.Div.2011) (holding that insurer could recover its PIP benefits from insurer for tortfeasor who was not "required" to maintain PIP or medical expense benefits coverage for vehicle involved in accident).
Furthermore, Philadelphia Indemnity's argument is inconsistent with the purpose of N.J.S.A. 39:6A-9.1. The statute permits an insurer paying PIP or medical *94 expense benefits to recover those payments from two classes of tortfeasors: insured tortfeasors who were required by law to maintain PIP and medical expense benefits coverage, and tortfeasors that failed to maintain such coverage, although required to do so. Unsatisfied Claim & Judgment Fund Bd. v. N.J. Mfrs. Ins. Co., 138 N.J. 185, 193, 649 A.2d 1243 (1994). "The first class refers to insured commercial or public vehicles without PIP coverage." Ibid. The second class includes uninsured tortfeasors who failed to maintain the required coverage. Ibid.
In Unsatisfied Claim & Judgment Fund, the Court explained the purpose in allowing an insurer to recover its PIP and medical expense payments from such tortfeasors:
Uninsured and commercial-vehicle tortfeasors do not share in the costs of maintaining the no-fault system; however, without [N.J.S.A. 39:6A-9.1], they would otherwise reap its benefits. That is so because the No-Fault Law forces insurers to pay for their own insureds' expenses and also prohibits injured parties from suing tortfeasors for the same costs, resulting in those tortfeasors avoiding any responsibility for their roles in the accidents. Allowing recoupment simply ensures that the private-passenger automobile insurers do not subsidize other insurers and that those savings are passed on to consumers the same consumers the No Fault Law was designed to protect.
[Id. at 205, 649 A.2d 1243.]
When a tortfeasor does not maintain PIP or medical expense benefit coverage for the vehicle involved in the accident, it is not sharing in the cost of maintaining the no-fault system as it pertains to the use of that vehicle. Permitting an insurer to recoup its PIP or medical expense benefit payments under these circumstances ensures that a tortfeasor does not avoid responsibility for its role in an accident, and allows the savings to be passed on to the consumers the No-Fault Law was designed to protect. Ibid.
We therefore conclude that the trial court correctly determined that GEICO was entitled to assert a claim under N.J.S.A. 39:6A-9.1 for reimbursement of its PIP payments from Philadelphia Indemnity, as insurer for Community Options and Ringenwald, the alleged tortfeasors in the subject accident.
Affirmed.
NOTES
[1] In the complaint, appellant was incorrectly identified as Philadelphia Indemnity Company.