21 A.3d 216 (2011)
420 N.J. Super. 295
DRIVE NEW JERSEY INSURANCE COMPANY, Drive New Jersey Insurance Company as subrogee of Luzde Mendoza, Drive New Jersey Insurance Company as subrogee of Armando M. Rodriguez and Drive New Jersey Insurance Company as subrogee of Aracely Sambrano, Plaintiff-Appellant,
v.
Gennadiy GISIS, Masoras Avos, Inc., Philadelphia Indemnity Insurance Company, Defendants-Respondents.
Docket No. A-0951-10T1
Superior Court of New Jersey, Appellate Division.
Argued May 17, 2011.
Decided June 29, 2011.
Noah Gradofsky argued the cause for appellant (Law Offices of Jan Meyer and Associates, P.C., attorneys; Mr. Gradofsky and Mr. Meyer, Teaneck, on the brief).
Mark S. Hochman argued the cause for respondents (Law Office of Stephen E. *217 Gertler, attorneys; Mr. Hochman, Wall Township, on the brief).
Before Judges PARRILLO, YANNOTTI and ESPINOSA.
The opinion of the court was delivered by
YANNOTTI, J.A.D.
Plaintiff Drive New Jersey Insurance Company (Drive New Jersey) appeals from an order entered by the trial court on August 27, 2010, granting summary judgment in favor of defendant Philadelphia Indemnity Insurance Company (Philadelphia Indemnity) and denying Drive New Jersey's cross-motion to compel arbitration. We reverse.
The relevant facts are undisputed. Defendant Masoras Avos, Inc. (Masoras) operates a religious school in Lakewood, New Jersey, and employed defendant Gennadiy Gisis (Gisis) as a school bus driver. On November 14, 2007, Gisis was operating a Masoras school bus and collided with a vehicle owned by Luzde Mendoza (Mendoza), causing personal injuries to Armando M. Rodriguez (Rodriguez) and Aracely Sambrano (Sambrano), who were passengers in the bus.
The Masoras school bus was insured under a policy issued by Philadelphia Indemnity, which provided medical expense benefits coverage to bus passengers. The Mendoza vehicle was insured under a policy issued by Drive New Jersey, which provided personal injury protection (PIP) benefits. Drive New Jersey paid $52,985.37 for the medical expenses incurred by Rodriguez and Sambrano as a result of the injuries that they sustained in the accident.
Thereafter, Drive New Jersey commenced this action against Gisis, Masoras and Philadelphia Indemnity seeking reimbursement of the PIP benefits it paid as a result of Gisis's alleged negligent operation of the school bus. Philadelphia Indemnity denied liability and asserted cross-claims for indemnification against Gisis and Masoras.
Drive New Jersey filed a motion to compel arbitration pursuant to N.J.S.A. 39:6A-9.1, and defendants filed a cross-motion for summary judgment. The trial court filed an opinion on August 27, 2010, in which it concluded that N.J.S.A. 39:6A-9.1 precluded Drive New Jersey from seeking reimbursement of its PIP payments from Philadelphia Indemnity, Gisis or Masoras. The court entered an order dated August 27, 2010, dismissing Drive New Jersey's claims.
On appeal, Drive New Jersey argues that the trial court erred by finding that N.J.S.A. 39:6A-9.1 precluded it from pursuing recovery of its PIP payments from defendants. We agree.
N.J.S.A. 39:6A-9.1 provides in pertinent part that an "insurer, health maintenance organization or governmental agency" that pays
benefits pursuant to subsection a., b. or d. of [N.J.S.A. 39:6A-4.3], personal injury protection benefits in accordance with [N.J.S.A. 39:6A-4 or 39:6A-10], medical expense benefits pursuant to [N.J.S.A. 39:6A-3.1] or benefits pursuant to [N.J.S.A. 39:6A-3.3], as a result of an accident occurring within this State, shall, within two years of the filing of the claim, have the right to recover the amount of payments from any tortfeasor who was not, at the time of the accident, required to maintain personal injury protection or medical expense benefits coverage, other than for pedestrians, under the laws of this State, including personal injury protection coverage required to be provided in accordance with [N.J.S.A. 17:28-1.4], or although required *218 did not maintain personal injury protection or medical expense benefits coverage at the time of the accident.
Drive New Jersey contends that, because Masoras was not required to maintain PIP or medical expense benefits coverage for its school bus, it had a right under N.J.S.A. 39:6A-9.1 to seek recovery of the PIP benefits it paid for the injuries allegedly sustained by Rodriguez and Sambrano in the accident. In response, Philadelphia Indemnity contends that the statute should be read to bar Drive New Jersey from recovering its PIP payments because, although Masoras was not required to do so, it did maintain medical expense benefits coverage for persons injured while riding in the school bus.
When construing a statute, our goal is "to discern and implement" the Legislature's intent. State v. Smith, 197 N.J. 325, 332, 963 A.2d 281 (2009) (citing State v. Brannon, 178 N.J. 500, 505, 842 A.2d 148 (2004)). The statutory language provides "the best indicator" of legislative intent. DiProspero v. Penn, 183 N.J. 477, 492, 874 A.2d 1039 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 280, 827 A.2d 1040 (2003)). "We ascribe to the statutory words their ordinary meaning and significance[.]" Ibid. (citing Lane v. Holderman, 23 N.J. 304, 313, 129 A.2d 8 (1957)). Furthermore, a court may not "`rewrite a plainly-written'" statute "`or presume that the Legislature intended something other than that expressed by way of the plain language.'" Ibid. (quoting O'Connell v. State, 171 N.J. 484, 488, 795 A.2d 857 (2002)).
The language of N.J.S.A. 39:6A-9.1 is clear on its face. The statute provides that an insurer paying PIP or medical expense benefits pursuant to certain statutes may recover those payments from "any" tortfeasor who was not, at the time of the accident, "required to maintain personal injury protection or medical expense benefits coverage" under the laws of this State or any tortfeasor who did not maintain such coverage, although required to do so.
It is undisputed that, at the time of the accident, the alleged tortfeasors Masoras and Gisis were not "required" to maintain PIP or medical expense benefits coverage. Although N.J.S.A. 17:28-1.6 requires the owners and operators of motor buses to maintain medical expense benefits coverage in an amount of $250,000, school buses are expressly excluded by N.J.S.A. 17:28-1.5(c) from the definition of a "motor bus." Thus, according to the plain language of N.J.S.A. 39:6A-9.1, Drive New Jersey has a right to seek recovery of its PIP payments from defendants.
Here, the trial court held that our decision in Coach U.S.A., Inc. v. Allstate N.J. Ins. Co., 354 N.J.Super. 277, 806 A.2d 839 (App.Div.), certif. denied, 175 N.J. 170, 814 A.2d 635 (2002), barred Drive New Jersey from seeking reimbursement of its PIP payments. In that case, an insurer sought to recover its PIP payments from an insurance company which covered commercial buses with policies that provided medical expense benefits coverage pursuant to N.J.S.A. 17:28-1.6. Id. at 278, 806 A.2d 839.
We held that, although N.J.S.A. 39:6A-9.1 did not specifically include insurers paying so-called "bus-PIP" among those insurers entitled to seek reimbursement, the omission was a legislative oversight, subject to correction through judicial interpretation. Id. at 281, 896 A.2d 839. We stated that this conclusion was consistent with the legislative purpose of subjecting "`all required PIP payments, by whatever statute mandated, to the reimbursement statute[.]'" Ibid. (quoting Park v. Park, 309 N.J.Super. 312, 316, 707 A.2d 157 *219 (App.Div.), certif. denied, 156 N.J. 381, 718 A.2d 1210 (1998)).
In our view, the trial court's reliance upon Coach U.S.A. was misplaced. As we have indicated, that case held that N.J.S.A. 39:6A-9.1 barred recovery of PIP payments when the alleged tortfeasor was required to maintain PIP or medical expense benefits coverage. The statute does not preclude Drive New Jersey from seeking reimbursement of its PIP payments in this case because, although Philadelphia Indemnity's policy provided medical expense benefits coverage for the Masoras school bus, the alleged tortfeasors were not required to maintain that coverage. See Gov't Emps. Ins. Co. v. Cmty. Options, Inc., ___ N.J.Super. ___, ___ A.3d ___ (App.Div.2011) (holding that insurer could recover its PIP benefits from insurer for tortfeasor who was not "required" to maintain PIP or medical expense benefits coverage for vehicle involved in accident).
Philadelphia Indemnity argues, however, that we should apply N.J.S.A. 39:6A-9.1 and preclude Drive New Jersey from seeking reimbursement of its PIP payments because the general purpose of the statute is to bar one PIP carrier from seeking reimbursement of its PIP payments from another PIP carrier. In support of this argument, Philadelphia Indemnity relies upon Unsatisfied Claim & Judgment Fund Bd. v. N.J. Mfrs. Ins. Co., 138 N.J. 185, 649 A.2d 1243 (1994).
The Unsatisfied Claim & Judgment Fund case does not support Philadelphia Indemnity's argument. In that case, the Court stated that N.J.S.A. 39:6A-9.1 allows an insurer to seek reimbursement of its PIP benefits from any tortfeasor who was "not required by law to maintain PIP coverage" and from any tortfeasor who was required to maintain such coverage but did not do so. Id. at 193, 649 A.2d 1243. Thus, N.J.S.A. 39:6A-9.1 does not bar Drive New Jersey from seeking reimbursement of its PIP payments in this case because the alleged tortfeasors were not required to maintain PIP or medical expense benefits coverage.
Philadelphia Indemnity also argues that N.J.S.A. 39:6A-9.1 should not be read to allow Drive New Jersey to recover its PIP payments from defendants because the statute was never intended to permit PIP carriers to pursue reimbursement of PIP payments from other PIP carriers. Philadelphia Indemnity contends that the statute should be interpreted in accordance with its purpose, which Philadelphia Indemnity says was to reduce the cost of auto insurance by permitting reimbursement from non-PIP carriers and uninsureds. We are, however, compelled to apply the statute as written. DiProspero, supra, 183 N.J. at 492, 874 A.2d 1039. The statute plainly authorizes Drive New Jersey to seek reimbursement of its PIP payments from defendants.
Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.