**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0799-24

THE LAW OFFICE OF
RAJEH A. SAADEH, LLC,

     Plaintiff-Appellant,

v.

JAMES GRIFFITHS,

     Defendant-Respondent.

_____

Submitted September 9, 2025 – Decided September 23, 2025

Before Judges Firko and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-005013-24.

The Law Office of Rajeh A. Saadeh, LLC, attorneys for appellant (Cynthia L. Dubell, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff the Law Office of Rajeh A. Saadeh, LLC appeals from the Special Civil Part's: October 21, 2024 order denying plaintiff's motion for collection of attorney's fees and costs associated with obtaining default final judgment against defendant James Griffiths; and November 12, 2024 order granting in part plaintiff's motion for reconsideration and awarding a reduced amount of collection attorney's fees and costs. Having reviewed the record, plaintiff's argument, and applicable legal principles, we affirm.

I.

Defendant hired plaintiff for legal representation in a matrimonial matter. The parties entered a retainer agreement on February 23, 2024. Shortly thereafter, defendant engaged plaintiff for additional legal representation in a domestic violence matter and signed a second retainer agreement (collectively agreements). The agreements address the cost of plaintiff's services and provide that a member of plaintiff's firm, Cynthia L. Dubell, Esq., would bill defendant at $360 per hour, and Dana M. Fallo, a paralegal, would bill defendant at $130 per hour. The agreements also include that plaintiff would charge for services "in increments of one-tenth of an hour."

A-0799-24

Regarding the collection of attorney's fees, the agreements contain language entitling plaintiff to seek its collection fees if defendant failed to pay for services rendered. The agreements state in pertinent part:

> If our professional relationship ends, we will assert a lien on any amounts recovered by you in settlement or adjudication of your case for the amount you owe. This does not foreclose us from exercising any other rights we have at law or in equity to collect or secure our fee. If we utilize any legal process to collect any amount outstanding, we will be entitled to recover the costs of collection, <u>including for professional time expended by attorneys in and outside of [plaintiff], and reasonable expenses</u>, including but not limited to court, service, and execution costs.
>
> [(Emphasis added).]

After plaintiff's representation concluded, defendant failed to pay his remaining invoiced balance of attorney's fees and costs owed. In July 2024, plaintiff served defendant with a fee arbitration pre-action pursuant to <u>Rule</u> 1:20A-6, which defendant did not answer. On August 19, pursuant to the agreements, plaintiff filed a complaint in the Special Civil Part against defendant for attorney's fees and costs owed, including those incurred in pursuing the collection action.

After default was entered, plaintiff moved to enter default judgment. In support of its requested collection attorney's fees and costs, plaintiff provided a

certification from Dubell, invoices, and "professional entry report[s]."[1]  The certification delineated conflicting amounts that defendant owed to plaintiff for its collection attorney's fees and costs.  On page three of Dubell's certification, she requested $2,458.80 in bold, and on page four, she requested $2,922.90 in bold.  The invoices did not provide a total dollar amount for Dubell's and Fallo's time billed, and an October 7, 2024 invoice entry was "pending."  Further, Dubell requested reimbursement in accordance with the agreements' provisions regarding "expenses & disbursements," which provide for "5% of all attorney and paraprofessional fees," totaling $104.90.  Dubell also sought reimbursement for unearned anticipated fees of "$360[] per hour x 2[] hours," equaling $720.

On October 21, the trial court entered default judgment against defendant in the amount of $5,809.73—the amount plaintiff was owed for prior representation, plus court costs.  The court, however, denied without prejudice plaintiff's request for collection attorney's fees and costs because "the total amount of legal services provided in [p]laintiff's invoices d[id] not match the amount sought in . . . [the] certification in support of th[e] motion."

---

[1]  We note the trial court treated the documents labeled "professional entry report[s]" as invoices in making its fee determination.  As Dubell has certified the professional entry reports accurately reflect the amount billed, we similarly reference them as invoices.

A-0799-24

Plaintiff moved for reconsideration, submitting Dubell's revised certification and updated invoices. In the certification, plaintiff increased its request for collection attorney's fees and costs to $4,208.10, including the time expended to file its motion for reconsideration, which Dubell's prior certification error necessitated. The invoices: apparently increased the previously "pending" October 7, 2024 charge; added new "approved" charges from October 1 and October 8, 2024; and included new "pending" charges from October 21 and October 25, 2024.

On November 12, the court granted in part plaintiff's motion, awarding $892 after excluding or reducing plaintiff's requested collection attorney's fees and costs as unreasonable. Specifically, the court modified plaintiff's billed fees as follows: Fallo's July 17, 2024 drafted fee arbitration letter for Dubell's review and exhibit assembly was reduced to .3, thereby reducing the $104 fee charged to $39; Dubell's review of the letter the same day was "stricken entirely, as it [wa]s deemed clerical in nature," and the $72 fee charged was disallowed; Fallo's August 19, 2024 drafted "fee suit complaint" was found "to be excessive" and "reduced to 1.0," thereby reducing the $299 fee charged to $130; Dubell's August 19, 2024 complaint review, e-filing, and staff instruction was "stricken

5

entirely, as it [wa]s clerical in nature and demonstrate[d] prohibited block billing," and the $180 fee charged was disallowed.

Moreover, with respect to Dubell's entries for further services, the court determined the following modifications were warranted: Dubell's August 22, 2024 reading of the "[c]ourt email," retrieving of the "[s]ummons/default notice from e-Courts," and instructing the staff was "stricken entirely, as it [wa]s clerical in nature," and the $108 fee charged was disallowed;[2] Dubell's October 5, 2024 draft notice of motion for default judgment for .30, order for .30, certification for .40, certification of service for .30, certification of attorney's services for .50, letter brief for .40, filing letter for .30, "SCRA report" for .20, exhibits for .40, and notice of motion to be filed—totaling 3.10 hours—was found "to be excessive" and "reduced to 1.5," thereby reducing the $1,116 fee charged to $540; Dubell's October 7, 2024 .70 entry for the motion packet, instruction to staff to serve defendant, and request for staff to update the calendar was "stricken entirely, as the court f[ound] this entry clerical in nature," and the

---

[2] It appears plaintiff used a "quantity" of minutes, rather than increments of .1 of an hour, for the July 17, August 19, and August 22, 2024 invoice entries. In modifying plaintiff's fees, the court appears to have treated all the invoice entries as being in .1 of an hour increments. For clarity, as plaintiff acknowledges "the actual dollar amount cited by the . . . court appears to be correct," we refer only to the dollar amounts and reduced billed time for these entries.

6

$252 fee charged was disallowed; and Dubell's October 8, 2024 .20 entry for reading of the court's email with motion return date and instructing the staff was "stricken entirely, as the court f[ound] this entry clerical in nature," and the $72 fee charged was disallowed.

Regarding plaintiff's requested collection attorney's fees and costs incurred after the court's October 21, 2024 order, the court excluded the following: Dubell's October 21, 2024 .50 entry for reading the court's email and order and strategizing for the new fee application was "stricken entirely, as the court f[ound] this entry clerical in nature," and the $180 fee charged was disallowed;[3] and Dubell's October 25, 2024 entry totaling 2.1 for updating time records, instructing staff to serve defendant, and "sav[ing] all to file" was "stricken entirely," as the court found plaintiff should have correctly completed the necessary work for the first motion, and the $756 fee charged was disallowed. The court also found plaintiff's blanket "5% expense charges" and billed "anticipatory legal fees" were not permitted.

---

[3] We note plaintiff's merits brief mistakenly denotes that the court disallowed Dubell's October 21, 2024 invoice by "-$72[]."

7

On appeal, plaintiff argues the court erred because plaintiff is contractually entitled to the "costs of collection including for professional time expended by attorneys . . . and reasonable expenses" from defendant.

II.

"We review the trial court's award of fees and costs in accordance with a deferential standard." Hansen v. Rite Aid Corp., 253 N.J. 191, 211 (2023). "A reviewing court should not set aside an award of attorneys' fees except 'on the rarest occasions, and then only because of a clear abuse of discretion.'" Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 155 (App. Div. 2016) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Only when a court's fee determination "was based on irrelevant or inappropriate factors, or amounts to a clear error in judgment," should the reviewing court intervene. Hansen, 253 N.J. at 212 (quoting Garmeaux, 448 N.J. Super. at 156).

"We review an order denying reconsideration" under Rule 4:49-2 "for abuse of discretion." AC Ocean Walk, LLC v. Blue Ocean Waters, LLC, 478 N.J. Super. 515, 523 (App. Div. 2024). A trial court should only grant a motion for reconsideration when "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent

8

evidence." Palmer v. Flagship Resort Dev. Corp., 481 N.J. Super. 465, 496 (App. Div. 2025) (alterations in original) (quoting Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010)).

"Agreements between attorneys and clients concerning the client-lawyer relationship generally are enforceable, provided the agreements satisfy both the general requirements for contracts and the special requirements of professional ethics." Kopec v. Moers, 470 N.J. Super. 133, 157 (App. Div. 2022) (quoting Cohen v. Radio-Elecs. Officers Union, 146 N.J. 140, 155 (1996)). "[W]hen contracting for a fee," a "lawyer must explain at the outset the basis and rate of the fee the lawyer intends to charge." Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 530 (App. Div. 2009). "Attorneys and clients can agree to fee arrangements of their choice, provided they do not violate the Rules of Professional Conduct [(RPC)]. The most conventional fee arrangement is for a client to pay an attorney on an hourly basis." Balducci v. Cige, 240 N.J. 574, 597 (2020).

We recognized in Hrycak v. Kiernan that a law firm may pursue an attorney's "actual time expended in" collecting attorney's fees owed if the client entered a retainer agreement permitting "recovery of such fees." 367 N.J. Super. 237, 241 (App. Div. 2004), abrogated in part on other grounds by Segal v.

Lynch, 211 N.J. 230, 237 (2012). We noted that "[a]greements between attorneys and clients generally are enforceable as long as they are fair and reasonable." Id. at 240. But see Segal, 211 N.J. at 237 (holding an attorney acting as a parenting coordinator could not seek attorney's fees in a self-represented collection action for fees owed for services rendered when the retainer agreement only permitted pursuit of "a judgment against the party who has not paid his/her share of [the coordinator's] outstanding fees").

RPC 1.5(a) mandates that "[a] lawyer's fee shall be reasonable" and "in determining the reasonableness of a fee," the court is to consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

"Ultimately, 'the attorney bears the burden of establishing the fairness and reasonableness of'" a fee arrangement. Arbus, Maybruch & Goode, LLC v. Cohen, 475 N.J. Super. 509, 515-16 (App. Div. 2023) (quoting Balducci, 240 N.J. at 594). This burden is satisfied by a preponderance of the evidence. Kopec, 470 N.J. Super. at 158.

Regarding permitted costs, Rule 4:42-8(a), which applies to Special Civil Part matters pursuant to Rule 6:6-1, generally entitles a prevailing party to certain costs. Costs are permitted to a prevailing party even if there is an "incomplete success." Gallo v. Salesian Soc'y, 290 N.J. Super. 616, 660 (App. Div. 1996). "[A] prevailing party may be denied an award of costs only for 'special reasons.'" Knight v. AAA Midatlantic Ins. Co., 394 N.J. Super. 333, 337 (App. Div. 2007) (quoting Schaefer v. Allstate N.J. Ins. Co., 376 N.J. Super. 475, 487 (App. Div. 2005)). N.J.S.A. 2A:15-59 also provides that "costs may be allowed or disallowed in the discretion of the court to any party in any action, motion, appeal or proceeding, whether or not he be successful therein; and where allowed, they may be taxed according to law."

A-0799-24

III.

Plaintiff contends the court erred in failing to award the entirety of its requested collection attorney's fees and costs against defendant. It argues the court: was "obligated to respect and honor" the agreements; lacked the authority to deny plaintiff's requested relief "on behalf of . . . [d]efendant who fail[ed] to raise" opposition; and should have ordered the collection attorney's fees and costs because "damages" were "ripe for a full award."

We first address plaintiff's argument that, pursuant to the agreements, the court was obligated to award all of plaintiff's requested collection attorney's fees and costs. The agreements' clear language permits plaintiff to seek reimbursement for collection efforts. That said, plaintiff's contractual right to seek collection attorney's fees and costs does not entitle plaintiff to an automatic award of its total amount requested without any court review. Plaintiff's contention that the court was not required to conduct "a detailed and thorough analysis of . . . each time entry" is meritless. Notably, plaintiff offers no authority for its blanket assertion that it is entitled to collection attorney's fees and costs without a detailed court review of Dubell's certification and the invoices included therein.

12

To the contrary, trial courts are charged with reviewing applications for attorney's fees, considering "the factors enumerated by RPC 1.5(a)." R. 4:42-9(b). As the Supreme Court has long recognized, "[a] retainer agreement between an attorney and client is a contract, but not an ordinary contract. '[T]he unique and special relationship between an attorney and a client' requires that a retainer agreement satisfy not only ordinary principles governing contracts, but also the professional ethical standards governing the attorney-client relationship." Balducci, 240 N.J. at 592 (second alteration in original) (quoting Alpert, 410 N.J. Super. at 529). "We have applied the same test for reasonable attorney['s] fees in contract cases that we use in other attorney['s] fee award cases in New Jersey." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009). The Supreme Court has "cautioned trial courts 'to evaluate carefully and critically the aggregate hours and specific hourly rates advanced by counsel for the prevailing party'" and "not to 'accept passively the submissions of counsel.'" Hansen, 253 N.J. at 215 (quoting Rendine, 141 N.J. at 335).

In the present case, the court reasonably disallowed plaintiff's requested collection attorney's fees and costs in its default judgment motion, as Dubell certified to different requested amounts. In arguing reversal is mandated, plaintiff ignores that it failed to delineate a clear requested amount and that its

13

invoices provided insufficient and unclear totals. Indisputably, Dubell's certification required correction, and plaintiff amended the invoices on reconsideration.

In addressing plaintiff's motion for reconsideration, the court appropriately disallowed and reduced some of plaintiff's requested collection attorney's fees and costs after a thorough examination of each invoice entry. The court also cross-referenced Dubell's and Fallo's billed work. We agree with the court that there was time billed that was unreasonable for the extent of the work performed, which warranted a fee reduction, and that fees charged were clerical in nature. It remains unclear why some of plaintiff's invoice entries have the total time spent and amount billed, while other entries state "pending" or "approved" with the hours allegedly expended in .1 of an hour increments, but indicate no total amount. Appellate courts do not second-guess a trial court's findings that are sufficiently supported by the record. See Hansen, 253 N.J. at 211-12. We further add that motions requesting attorney's fees should include invoices that are accurate, thorough, and in a readily decipherable format.

Finally, we disagree with plaintiff's assertion that it was entitled to collect a 5% administrative disbursement fee. Plaintiff argues "[s]uch charges are directly related to the collection efforts[] and are only incurred at a de minimus

5% rate that barely covers the actual expenditures." It is dispositive that the agreements' relevant fee collection provisions do not specifically include the 5% administrative fee as a collectable cost but instead provide for "reasonable expenses, including but not limited to court, service, and execution costs." We also question the appropriateness of plaintiff's blanket 5% administrative disbursement fee for "all telephone charges, first-class mail, and photocopying," which is in addition to the agreements' separate allowance for "disbursements that are greater than or equal to $100[]." The Supreme Court has elucidated that "at the outset of the attorney-client relationship, the charges for identifiable costs, such as photocopying expenses, should be disclosed." Balducci, 240 N.J. at 603-04. While the agreements permit defendant to "request that [plaintiff] maintain itemized account entries," they also apparently permit plaintiff to charge the 5% percent disbursement fee regardless of whether defendant incurred any photocopying or mailing costs. We therefore conclude the court correctly declined to award plaintiff the administrative disbursement fee.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

15

A-0799-24